**SO ORDERED.**
**SIGNED this 15th day of July, 2013**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

Richard Stair Jr
UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

Case No.  08-32750

ROBERT R. BOROWSKI
ROSE LEE BOROWSKI
aka ROSE LEE SCHMIDT

Debtors

### MEMORANDUM AND ORDER

On June 13, 2013, the court, pursuant to its ruling at a hearing held on June 12, 2013, issued an Order granting, by default, the Motion for Contempt Against SunTrust Mortgage (Motion for Contempt) filed by the Debtors on May 17, 2013, and found SunTrust Mortgage in contempt of the court's June 20, 2012 Order directing that the Debtors' mortgage loan serviced by SunTrust Mortgage was deemed current through March 2012.  By a subsequent Order entered on June 27, 2013, the court directed that the Debtors file, within 14 days, an affidavit detailing their actual out-of-pocket expenses, including attorney fees, incurred as a result of SunTrust Mortgage's wrongful actions.  On July 10, 2013, three Affidavits were filed:  (1) the Affidavit of Robert and Rose

Borowski establishing that they have incurred actual expenses in the prosecution of the Motion for Contempt totaling $837.64, consisting of mileage associated with travel to their attorney's office and lost wages together with attorney fees in an unspecified amount; (2) the Affidavit of John P. Newton, Jr., the attorney representing the Debtors in the prosecution of the Motion for Contempt, whose attorney fees and expenses total $2,063.43, of which $1,725.00 represents attorney fees and $338.43 represents out-of-pocket expenses; and (3) a Summary of Damages showing the total out-of-pocket expenses incurred by the Debtors to be $2,901.07. Additionally, in the Summary of Damages, the Debtors, citing to 11 U.S.C. § 105 (2006), ask the court to award punitive damages in an unspecified amount against SunTrust Mortgage.

Upon a finding of civil contempt, fines payable to the aggrieved party must be based upon actual damages incurred by the party as a result of the contempt and/or noncompliance. *Thomasville Furniture Indus., Inc. v. The Elder-Beerman Stores, Corp.*, 250 B.R. 609, 620 (S.D. Ohio 1998) (citing *Ross v. Meyers*, 883 F.2d 486, 491 (6th Cir. 1989)). "Bankruptcy courts have civil contempt powers. Those powers 'flow from Bankruptcy Code § 105(a) and the inherent power of a court to enforce compliance with its lawful orders.'" *Holley v. Kresch Oliver, PLLC (In re Holley)*, 473 B.R. 212, 215 (Bankr. E.D. Mich. 2012) (quoting *In re Walker*, 257 B.R. 493, 496 (N.D. Ohio 2001) (citations omitted)). "Although § 105(a) provides a bankruptcy court with the authority to take whatever action is appropriate and necessary to exercise its jurisdiction, § 105(a) is not without limits, may not be used to circumvent the Bankruptcy Code, and does not create a private cause of action unless it is invoked in connection with another section of the Bankruptcy Code." *Perry v. EMC Mortg. Corp. (In re Perry)*, 388 B.R. 330, 336 (Bankr. E.D. Tenn. 2008) (citation and internal quotation marks omitted). "[B]ankruptcy courts do not have inherent *criminal* contempt powers[.]"

2

*Griffith v. Oles (In re Hipp, Inc.)*, 895 F.2d 1503, 1511 (5th Cir. 1990) (emphasis in original).  The Sixth Circuit has not decided the issue; however, the Sixth Circuit Bankruptcy Appellate Panel has stated that the Circuit "appears to lean toward the position articulated by the Fifth Circuit in *Hipp*, *i.e.*, the bankruptcy courts are without statutory authority to impose monetary sanctions for criminal contempt[.]"  *In re Hake*, 350 B.R. 628 (Table), 2006 WL 2846277, at *5 (B.A.P. 6th Cir. 2006).  This view has also been adopted by the bankruptcy courts within the Sixth Circuit which hold that "bankruptcy courts may not award a debtor punitive damages . . . because (1) under the law of contempt, punitive damages can only be awarded for *criminal* contempt, not civil contempt; and (2) bankruptcy courts lack criminal contempt powers."  *Holley*, 473 B.R. at 216 (citing cases).  The exception lies for violations of the automatic stay where the bankruptcy court is provided with statutory authority to assess punitive damages.  *See* 11 U.S.C. § 362(k)(1) (2006) (providing, in material part, that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.").

In accordance with the above, the court finds that the Debtors are entitled to an award of sanctions against SunTrust Mortgage in the amount of their actual damages, $2,901.07, of which $837.64 represents their out-of-pocket expenses and the balance of $2,063.43 represents attorney fees and expenses incurred in the prosecution of the Motion for Contempt.  The Debtors shall accordingly have and recover from SunTrust Mortgage the sum of $2,901.07.

###